**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CITY OF RIVIERA BEACH GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>ROYAL CARIBBEAN CRUISES LTD., RICHARD FAIN, JASON LIBERTY, and MICHAEL BAYLEY,<br><br>      Defendants. | Case No. 1:20-cv-24111-KMW<br><br>**(Consolidated with 1:20-cv-24407- KMW)** |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MOVANTS JEFFERY ROBINSON, ROBERT CHAMBERLIN, AND RICHARD ABANES TO: (1) APPOINT LEAD PLAINTIFFS AND (2) APPROVE SELECTION OF <u>LEAD COUNSEL</u>**

1

## **TABLE OF CONTENTS**

MOTION ............................................................................................................................. 1

INTRODUCTION AND BACKGROUND ..................................................................... 1

ARGUMENT ..................................................................................................................... 5

   I.   MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF .......................... 5

      A.   MOVANTS ARE WILLING TO SERVE AS CLASS REPRESENTATIVES .............. 6

      B.   MOVANTS HAVE THE LARGEST FINANCIAL INTEREST IN THE ACTION ...... 6

      C.   MOVANTS SATISFY THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE ....................................................................... 7

      D.   MOVANTS ARE PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFFS ..... 9

   II.   MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED ..................... 10

CONCLUSION ............................................................................................................. 111

COMPLIANCE WITH CIVIL LOCAL RULE 7.1(A)(3) ............................................ 11

# **TABLE OF AUTHORITIES**

**Cases**

*Cole v. Health Mgmt. Assocs., Inc.*,
  No. 207CV484FTM34SPC, 2008 WL 11334897 (M.D. Fla. May 14, 2008) ........................... 6
*Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*,
  2007 WL 170556 (M.D. Fla. Jan. 18, 2007) ................................................................................ 6
*In re Bally Total Fitness, Sec. Litig.*,
  2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................................................................ 7
*In re Cendant Corp. Litigation*,
  264 F.3d. 201 (3d Cir. 2001) ....................................................................................................... 8
*In re Comverse Technology, Inc. Secs. Litig.*,
  2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ................................................................................ 6
*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................................ 6, 7
*In re Livent, Inc. Noteholders Sec. Litig.*,
  210 F.R.D. 512 (S.D.N.Y. 2002) ................................................................................................ 8
*In re Olsten Corp. Secs. Litig.*,
  3 F. Supp.2d 286 (E.D.N.Y. 1998)............................................................................................... 6
*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998).................................................................................................... 7
*Lax v. First Merchants Acceptance Corp.*,
  1997 WL 461036 (N.D. Ill. Aug. 11, 1997 .................................................................................. 6
*Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*,
  184 F.R.D. 688 (S.D. Fla. 1999) ................................................................................................. 5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................... *passim*

**Rules**

L. R. 7.1(a)(3) ............................................................................................................................ 11
Rule 23 ............................................................................................................................... 5, 7, 8

## MOTION

Plaintiffs Jeffery Robinson, Robert Chamberlin, and Richard Abanes ("Movants"), pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby move this honorable Court on a date and at such time as may be designated by the Court, for an Order: (1) appointing Movants as Lead Plaintiffs; (2) approving Movants' selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel; and (3) granting such other and further relief the Court may deem just and proper.

In support of this Motion, Movants submit herewith a Memorandum of Law, the Declaration of Laurence M. Rosen, and a [Proposed] Order, all dated December 7, 2020.

## INTRODUCTION AND BACKGROUND

The first of the related actions, *City of Riviera Beach General Employees Retirement System v. Royal Caribbean Cruises Ltd., et al.,* Case No. 1:20-cv-24111 (S.D.Fl.) (the "*Riviera Beach* Action"), was commenced on October 7, 2020 against Royal Caribbean Cruises Ltd. ("Royal Caribbean" or the "Company"), Richard Fain, Jason Liberty, and Michael Bayley ("Defendants") for violations under the Exchange Act. That same day, an early notice was issued pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

On October 27, 2020, the related action, *Altomare* v. *Royal Caribbean Cruises Ltd., et al.,* Case No. 1:20-cv-24407 (S.D.Fl.) (the "*Altomare* Action" and with the *Riviera Beach* Action, the "Securities Class Actions"), was commenced alleging violations under the Exchange Act against Defendants during the same Class Period.

On December 7, 2020, the Court consolidated the Securities Class Actions under the *Riviera Beach* Action's docket. (Dkt. No. 9).

Royal Caribbean is the world's second largest cruise company. The outbreak of infectious diseases is a major threat to the cruise industry. In December 2019, the first case of the novel coronavirus strain ("COVID-19") was reported in China. On January 20, 2020, the World Health Organization ("WHO") and media outlets reported that confirmed cases of COVID-19 were discovered outside of mainland China—in Japan, South Korea, and Thailand. On January 21, 2020, the first case was reported in the United States. Thereafter, the virus quickly snowballed into a global pandemic. On January 31, 2020, China's envoy to the United Nations attested that there had been more than 9,800 confirmed cases of the virus in China, with 23 deaths. News reports that day indicated that the virus had spread to at least eighteen other countries. Starting in January 2020, as the situation in China escalated, cruise companies, including Royal Caribbean, cancelled voyages in that region. Customer bookings were also declining in regions outside China as vacationers were worried about the global spread of the virus. In early February 2020, despite this slowdown to Royal Caribbean's overall bookings, the Company assured investors that it was only experiencing a slowdown from bookings in China.

The complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose adverse facts about the Company's decrease in bookings outside China and its inadequate policies and procedures to prevent the spread of COVID-19 on its ships. Specifically, regarding global bookings, Royal Caribbean made statements that: (1) misled investors to believe that any issue related to COVID-19 was relatively insignificant; (2) falsely assured investors that bookings outside China were strong with no signs of a slowdown; and (3) failed to disclose that the Company was experiencing material declines in

bookings globally due to customer concerns over COVID-19. Additionally, regarding safety procedures, the Company made statements that: (1) falsely assured investors that it implemented rigorous safety protocols; (2) such protocols were expected to ultimately contain the spread of the virus; and (3) failed to disclose that its ships were following grossly inadequate protocols that would foster the spread of COVID-19 and pose a substantial risk to passengers and crews.

On February 13, 2020, Royal Caribbean issued a press release, revealing that COVID-19 was having an impact on the Company's overall bookings. The Company stated that, "[w]hile the early impact due to concerns about the coronavirus is mainly related to Asia, recent bookings for our broader business have also been softer." The Company also stated that it had cancelled 18 cruises in Southeast Asia due to recent travel restrictions. These actions caused Royal Caribbean to increase the expected 2020 earnings impact of COVID-19 from $0.25 to $0.65 per share. At the same time, Defendants conditioned investors to believe that its overall performance had not yet been impacted by COVID-19 concerns, stating, "[i]f the travel restrictions and concerns over the outbreak continue for an extended period of time, they could materially impact the company's overall financial performance." Royal Caribbean also continued to downplay the virus and misrepresent the adequacy of its health policies, as Defendant Fain stated: "[i]t is important that every organization acts responsibly, and we have already taken aggressive steps to minimize risk through boarding restrictions and itinerary changes." Defendant Fain concluded, stating that Royal Caribbean's "focus on public health is unwavering." On this news, Royal Caribbean's stock price dropped $3.61, or 3.08%, to close at $113.62 on February 13, 2020.

On February 25, 2020, the Company filed its annual report for the year ended December 31, 2019 on Form 10-K which reported that COVID-19 negatively impacted its global bookings by more than previously represented. The report indicated that "measures taken by China and other

3

countries" to control COVID-19, as well as "concerns and restrictions over the outbreak are impacting our bookings and are having, and are likely to continue to have, a material impact on our overall financial performance." The expected impact of the virus was also increased to $0.90 per share. Nonetheless, Defendants continued to boast about its safety policies and downplay the risks to the Company by failing to disclose its inadequate procedures to combat the spread of COVID-19 and assuring that the Company's emphasis was on "[p]rotect[ing] the health, safety and security of our guests and employees." On this news, Royal Caribbean's stock price dropped $12.55, or 14.01%, over the following two trading sessions to close at $77.00 per share on February 27, 2020.

On March 10, 2020, Royal Caribbean withdrew its 2020 financial guidance, increased its revolving-credit facility by $550 million, and said it would take certain cost-cutting actions due to the proliferation of COVID-19. Royal Caribbean, however, continued to conceal the fact that it could not protect guests and crew and the Company was at a heightened risk of ultimately having to cease all operations, while stating that it "[is] taking these [extraordinary] Caribbean's inability to control the virus on its ships, stating that "as with our announcement yesterday regarding U.S. sailings, we expect to return to service on April 11, 2020." On this news, Royal Caribbean's stock price dropped $2.39 per share, or 7.39%, to close at $29.94 per share on March 16, 2020.

Then, on March 16, 2020, Royal Caribbean announced that the spread of COVID-19 had forced the Company to suspend additional cruises, extending beyond April 11. The Company announced: "[w]hile our goal is to resume general operations on April 11, some regions have closed their ports to cruise ship travel. As a result, we must unfortunately cancel our Jewel of the Seas, April 19-May 3 sailings, and Spectrum of the Seas, April 2020 sailings." On this news,

4

Royal Caribbean's stock price dropped $2.39 per share, or 7.62%, to close at $27.66 per share on March 17, 2020.

Finally, the full impact of the Company's false and misleading statements and/or omissions was revealed, as analysts downgraded the Company's stock and slashed their price targets, reflecting the true value of Royal Caribbean stock. On March 18, 2020, prior to the opening of the stock market, Stifel cut its one-year price target on Royal Caribbean from $161 to $40. On this news, Royal Caribbean's stock price dropped $5.33 per share, or 19.2%, to close at $22.33 per share on March 18, 2020.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movants and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.     MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA set forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act.  The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group…" that:

>   (aa) has either filed the complaint or made a motion in response to a notice . . .;

>   (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999).

As set forth below, Movants satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the class and, therefore, should be appointed Lead Plaintiffs.

### A.     MOVANTS ARE WILLING TO SERVE AS CLASS REPRESENTATIVES

Movants have filed herewith PSLRA certifications attesting that they are willing to serve as representatives of the class and remain willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 to the Rosen Decl. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### B.     MOVANTS HAVE THE LARGEST FINANCIAL INTEREST IN THE ACTION

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class" 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007). In determining the movant with the largest financial interest, Courts have employed the *Olsten/Lax* analysis: (1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. *Cole v. Health Mgmt. Assocs., Inc*., No. 207CV484FTM34SPC, 2008 WL 11334897, at *4 (M.D. Fla. May 14, 2008); *In re Comverse Technology, Inc. Secs. Litig.*, 2007 WL 680779 * 3 (E.D.N.Y. Mar. 2, 2007) (*citing Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 * 5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Of the *Lax/Olsten*-styled factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig*., 247 F.R.D. 432, 437 (S.D.N.Y.

6

2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movants lost approximately $192,952.75 in connection with their purchases of Royal Caribbean securities. *See* Ex. 3 to Rosen Decl. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

## C. MOVANTS SATISFY THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Fuwei*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted) Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

**1. Movants' Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiffs to be identically situated with all class members. *Id*.

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Exchange Act by issuing false and misleading statements about Royal Caribbean's business and financial condition. Movants' interests are closely aligned with the other Class members' and Movants' interests are, therefore, typical of the other members of the Class.

**2. Movants Are Adequate**

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movants have communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiffs. Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from investments in Royal Caribbean securities and are therefore, extremely motivated to pursue claims in this action.

**D.     MOVANTS ARE PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFFS**

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movants are the most adequate Lead Plaintiffs is not, therefore subject to rebuttal. Movants have suffered substantial financial losses and have the largest financial interest in this case of any timely lead plaintiff. The ability of Movants to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses Defendants could raise against them that would render Movants inadequate to represent the Class.

Additionally, Movants have demonstrated their adequacy and ability to work collaboratively by the submission of the Joint Declaration in Support of Lead Plaintiff Motion (the "Joint Declaration") attached as Exhibit 4 to the Rosen Decl. The Joint Declaration details each member's background, including, among other things, each member's profession, age, and location. *Id*. at ¶¶2-4. Movants affirmed their understanding of their fiduciary obligations to the Class and will act to prosecute the case vigorously to obtain the greatest possible recovery for the Class. *Id.* at ¶¶7-9. To that end, although Movants do not foresee any intra-group issues, they agreed on a dispute resolution mechanism should any disagreements arise in the course of the lawsuit. *Id.* at ¶10.

9

Thus, the close alignment of interests between Movants and other class members, as well as their strong desire to prosecute this action on behalf of the class, provide ample reason to grant Movants' motion to serve as Lead Plaintiffs.

## II. MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiffs' selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.,* No. 608-CV-388-ORL-19DAB, 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) (when a law firm has prosecuted securities class actions in the past successfully, courts will generally not interfere with a lead plaintiff movant's choice of counsel.).

Movants have selected Rosen Law as Lead Counsel. The firm has been actively researching Movants' and Class Plaintiffs' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 5 to Rosen Decl. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) appointing Movants as Lead Plaintiffs for the class; (2) approving Movants' selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

## **COMPLIANCE WITH CIVIL LOCAL RULE 7.1(A)(3)**

Local Rule 7.1(a)(3) requires a conference of counsel prior to filing motions. Due to the lead plaintiff procedure of the PSLRA, however, Movants do not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all movants have filed their respective motions. Under these circumstances, Movants respectfully request that the conferral requirement of Local Rule 7.1(a)(3) be waived.

Dated: December 7, 2020    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
Phillip Kim, Esq. (*pro hac vice* to be filed)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen