**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-24111-CIV-WILLIAMS**

CITY OF RIVIERA BEACH GENERAL
EMPLOYEES RETIREMENT SYSTEM, *et al.*

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES LTD., *et al.*

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Indiana Public Retirement System's (INPRS) unopposed motion for appointment as Lead Plaintiff and approval of selection of counsel. (DE 11.)  INPRS requests that this Court appoint INPRS as Lead Plaintiff and approve its selection of Labaton Sucharow LLP as Lead Counsel and Saxena White P.A. as Liaison Counsel.

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(a), provides for the appointment as Lead Plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph."  15 U.S.C. § 78u–4 (a)(3)(B)(i).  The PSLRA directs the Court to adopt the rebuttable presumption that the "most adequate plaintiff" is "the person or group of persons" that: (1) has filed the complaint or made a motion to serve as Lead Plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23.

1

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).  This presumption may be rebutted by proof that the plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* at § 78u–4(a)(3)(B)(iii)(II).

The PSLRA also provides that the Lead Plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v).  Courts have found that the district court "should generally employ a deferential standard in reviewing the lead plaintiff's choices." O*klahoma Firefighters Pension & Ret. Sys. v. Rayonier Adv. Materials, Inc.,* 2015 WL 4730383, at *2 (M.D. Fla. Aug. 10, 2015); *Bhatt v. Tech Data Corp.*, 2017 WL 10295956, at *4 (M.D. Fla. Dec. 28, 2017).

Upon a careful review of the unopposed motion, the record, and applicable legal authority, the Court concludes that INPRS is the most adequate plaintiff to serve as Lead Plaintiff pursuant to 15 U.S.C. § 78u–4 (a)(3)(B).  It is undisputed that INPRS has the largest financial interest in this action and satisfies the typicality and adequacy requirements of Rule 23.  The Court also finds that INPRS has made a reasonable choice of counsel to represent the class.  Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The motion (DE 11) is **GRANTED**.

2. INPRS is **APPOINTED** to serve as Lead Plaintiff in the Action pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

3. INPRS' selection of Labaton Sucharow LLP as Lead Counsel for the Class is **APPROVED** pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

4. Lead Counsel shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement.  Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort.  Additionally, Lead Counsel shall have the following responsibilities:

    a. to brief and argue motions;

    b. to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

    c. to direct and coordinate the examination of witnesses in depositions;

    d. to act as spokesperson at pretrial conferences;

    e. to initiate and conduct any settlement negotiations with Defendants' counsel;

    f. to consult with and employ experts;

    g. to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees; and

    h. to perform such other duties as may be expressly authorized by further order of this Court.

5. INPRS' selection of Saxena White P.A. as Liaison Counsel to the Class is **APPROVED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 23rd day of December, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

3